## 60548. LISKEY et al. v. THE STATE.

QUILLIAN, Presiding Judge.

Interlocutory appeal was granted in this case on the single issue of the trial court's denial of defendants' motion to suppress evidence taken during the execution of a search warrant. *Held:*

1. The written motion to suppress alleged the search and seizure were illegal because the warrant was issued without a showing of sufficient probable cause; because the time and manner of execution of the warrant were improper; because the seizure was too broad and not in conformity with the directions of the issuing judge as to the

items to be searched for and seized; because the affidavit was falsely sworn to; and because the search was a general search.

A suppression hearing was held. The transcript of the hearing contains only the testimony of the officer who made the affidavit for the warrant and describes only the probable cause in the affidavit he made for the warrant. Although it is apparent from the officer's testimony that a warrant was issued, a copy of the warrant and affidavit is not in the record, nor was it introduced or otherwise identified in the suppression hearing. There is no indication that the warrant and affidavit were ever examined by the trial judge.

Code Ann. § 27-313 (Ga. L. 1966, pp. 567, 571) provides that "The motion shall be in writing and state facts showing wherein the search and seizure were unlawful. The judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion, and the burden of proving that the search and seizure were lawful shall be on the State . . ."

In this case, the state presented evidence only on the issue of probable cause for the warrant. The warrant and affidavit were not produced nor any evidence on the time and manner of the execution of the warrant or the scope of the search and the property seized.

"The burden of proof is upon the state to show what facts constituting probable cause existed and were presented to the magistrate before the warrant was issued. [Cits.]

"The record before us does not contain the search warrant or the affidavit on which it was issued; consequently the only information contained in the record is the testimony presented at the hearing on the motion to suppress. This testimony did not contain sufficient facts to sustain the state's burden of proof." *Bland v. State,* 141 Ga. App. 858 (234 SE2d 692).

We find that the state did not carry its burden of proving the legality of the search and seizure, and that the trial court erred in denying the motion to suppress.

2. In addition to the issue on which appeal was granted, defendants also enumerate as error the trial court's denial of a motion to exclude admissions and confessions. Because the certificate of immediate review did not include this issue and the application for interlocutory appeal was not made or granted on this issue, it is not properly before this court and is not considered.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 16, 1980 — DECIDED OCTOBER 8, 1980.

*Kenneth Cail, M. E. Geary,* for appellants.

*Andrew J. Ryan, Jr., District Attorney,* for appellee.