## 64817, 64818, 64819. BARTLETT v. THE STATE (three cases).

Pope, Judge.

Clarence Ellis Bartlett appeals his conviction on three counts of violating the Georgia Controlled Substances Act. *Held:*

1. Appellant's first two enumerations of error challenge the trial court's denial of his motion to suppress certain evidence seized as the result of a search warrant. The transcript of the hearing on this motion discloses that the subject warrant and accompanying affidavit were marked as an exhibit by the state but were never tendered into evidence. Several months later the clerk of the court supplemented the record in this case by forwarding to this court a copy of the warrant and affidavit, noting that the same had been inadvertently omitted. The warrant indicates on its face that it had been filed in open court on the day of the suppression hearing. The transcript of that hearing indicates that the written affidavit was the only evidence presented to the magistrate in support of issuing the warrant. Yet, as noted earlier, neither the warrant nor the accompanying affidavit were tendered as evidence at the hearing. Further, the testimony proffered by the state did not disclose the

substance of the affidavit.

"It is elementary that documents upon which a party rests his case must be offered into evidence." *Stanley v. Stanley,* 138 Ga. App. 560, 561 (226 SE2d 800) (1976). "The burden of proof is upon the state to show what facts constituting probable cause existed and were presented to the magistrate before the warrant was issued." *Bland v. State,* 141 Ga. App. 858 (234 SE2d 692) (1977). For whatever reason, the warrant and accompanying affidavit were not tendered into evidence by the state. The only evidence presented in support of the state's position was the testimony at the hearing. This testimony did not contain sufficient facts to sustain the state's burden of proof. Thus, the trial court erred in denying appellant's motion to suppress. *Reddish v. State,* 161 Ga. App. 170 (288 SE2d 266) (1982); *Liskey v. State,* 156 Ga. App. 45 (1) (274 SE2d 89) (1980); *Bland v. State,* supra. "Had the search warrant [and] the affidavit been included in the record, the result might have been different." *Reddish v. State,* supra at 171.

2. The record discloses that the state failed to provide appellant with a copy of a written scientific report which had been prepared on behalf of the state by the State Crime Laboratory. A timely and proper demand for such had been made pursuant to Code Ann. § 27-1303 (now OCGA § 17-7-211). Cf. *State v. Meminger,* 249 Ga. 561 (1) (292 SE2d 681) (1982). Appellant's third and fourth enumerations cite as error the trial court's ruling which excluded the report itself but allowed the testimony of the state's witness who had prepared the report. We agree with appellant that the trial court's ruling was error, this case being controlled by the decisions in *State v. Madigan,* 249 Ga. 571 (1) (292 SE2d 406) (1982), and *Tanner v. State,* 160 Ga. App. 266 (1) (287 SE2d 268) (1981).

3. Appellant's remaining enumeration of error has no merit.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1983.

*James P. Brown, Jr., A. J. Welch, Jr.,* for appellant.
*E. Byron Smith, District Attorney, Tommy K. Floyd, Assistant District Attorney,* for appellee.