A90A1615. FERRELL v. THE STATE.
(401 SE2d 301)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of two counts of armed robbery and one count of aggravated assault upon a peace officer. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.

1. The trial court's denial of appellant's motion to suppress evidence seized from his home pursuant to a search warrant is enumerated as error.

Appellant contends that material and exculpatory information was omitted from the affidavit upon which the search warrant was issued. "We have previously intimated that exculpatory material is not required to be included in an ex parte application for a search warrant if no misconduct on the affiant's part has occurred. [Cit.]" *Redding v. State,* 192 Ga. App. 87, 88 (383 SE2d 640) (1989). "Undoubtedly, not all omissions, even if intentional, are sufficient to invalidate an affidavit. [Cits.] . . . The defendant must show that the information omitted was material to the determination of probable cause and that it was omitted for the purpose of misleading the magistrate." *People v. Stewart,* 473 NE2d 840, 851 (9) (Ill. 1984). See also *United States v. Van Horn,* 789 F2d 1492, 1500 (11th Cir. 1986). "There is a presumption of validity with respect to an affidavit supporting a search warrant. [Cit.] In order to force an evidentiary hearing on the accuracy of the affidavit, the aggrieved party must present more than mere conclusions. There must be allegations of deliberate falsehood or reckless disregard for the truth, and these allegations

must be accompanied by evidence or an offer of proof of such evidence. . . . Mere allegations of negligence or mistake of fact are not sufficient. [Cit.]" *Ross v. State*, 169 Ga. App. 655, 657 (314 SE2d 674) (1984). In the instant case, there was neither an allegation nor proof of deliberate misrepresentation or reckless disregard for the truth on the part of the affiant. The most that appellant may have shown was the affiant's omission of facts which were neither inculpatory nor exculpatory and which were, therefore, irrelevant to the existence or non-existence of probable cause. It follows that the trial court did not err in denying the motion to suppress on this ground.

Appellant further contends that the motion to suppress should have been granted on the ground that the affidavit contained stale information. However, this contention was not raised in appellant's motion, and was not supported by any evidence adduced at the hearing on the motion. Nevertheless, even if the point had been properly raised, a magistrate could certainly have made a common-sense decision that there was a fair probability that the items sought, which were of enduring utility to their holder, would still be present in appellant's residence when the warrant was sought 13 days after his arrest. See *Tuzman v. State*, 145 Ga. App. 761, 765 (2A) (244 SE2d 882) (1978); *Thomas v. State*, 183 Ga. App. 819, 821 (1) (360 SE2d 75) (1987); *Bowen v. State*, 194 Ga. App. 80-81 (1) (389 SE2d 516) (1989).

Appellant's final contention is that the affidavit contained nothing concerning the reliability and credibility of the informant. "In this case, regardless of any possible deficiency in the showing of the informant's veracity, reliability, or basis of knowledge, the tip was corroborated by [the affiant's comparison of the informant's story with the known facts of the crime and by the photographic identification of appellant by the police officer upon whom the aggravated assault was committed. This corroboration] was sufficient to support the magistrate's issuance of the search warrant." *Curry v. State*, 255 Ga. 215, 217 (1) (336 SE2d 762) (1985). See also *Williams v. State*, 193 Ga. App. 677, 680 (388 SE2d 893) (1989); *Whitten v. State*, 174 Ga. App. 867, 868 (1) (331 SE2d 912) (1985); *Thomas v. State*, 173 Ga. App. 481, 482 (1) (326 SE2d 840) (1985).

It follows that the trial court did not err in denying appellant's motions to suppress. *Reeves v. State*, 197 Ga. App. 107 (1) (397 SE2d 601) (1990).

2. Hair samples from appellant's person were taken pursuant to a search warrant. Appellant's motion to suppress this evidence was denied and he enumerates that ruling as error.

There is some question whether a search warrant was even required. The "courts are undecided as to whether the involuntary removal of hair samples constitutes a search and seizure under the Fourth Amendment. [Cits.] The resolution of this question appar-

ently depends on whether a hair sample is more akin to a blood sample or to voice and handwriting exemplars. [Cits.] However, we need not resolve that issue here because the [State] established probable cause for its request of the hair sample." *United States v. De Parias*, 805 F2d 1447, 1456 (11th Cir. 1986). The warrant was sought *after* probable cause to arrest appellant had *already* otherwise been established and he had, in fact, been arrested. There was probable cause to believe that hair which the affidavit stated had been found in a stocking mask abandoned at the scene of one of the robberies by the perpetrator would match a sample of appellant's hair.

3. Over objection, a witness for the State was allowed to testify that, while he and appellant were in jail, appellant had made incriminating statements to him. Appellant urges that any testimony regarding his presence in jail impermissibly placed his character into issue and should have been excluded. "However, evidence that an accused has been confined in jail in connection with the case at issue does not place his character in evidence. [Cits.] This enumeration is without merit." *Jackson v. State*, 180 Ga. App. 363, 364 (3) (349 SE2d 252) (1986). See also *Johnson v. State*, 191 Ga. App. 845, 846 (2) (383 SE2d 346) (1989).

4. Appellant relied upon the defense of mistaken identity. Accordingly, the trial court correctly refused to give appellant's requested charges on lesser included offenses. *Johnson v. State*, 164 Ga. App. 429 (1) (296 SE2d 775) (1982).

*Judgments affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 7, 1991.

*Dwight L. Thomas*, for appellant.
*Robert E. Wilson*, District Attorney, *Thomas S. Clegg, Robert M. Coker*, Assistant District Attorneys, for appellee.