A92A2137. BURGESS v. THE STATE.
(427 SE2d 614)

JOHNSON, Judge.

James Burgess appeals from his convictions of burglary, attempted rape and aggravated sodomy. Burgess contends that the court erred in denying his motion for a new trial on the ground that the State failed to disclose an agreement it had with Burgess' accomplice; Burgess claims that the State agreed to recommend a lenient sentence to the court on behalf of the accomplice in exchange for his testimony against Burgess.

A trial court's findings of fact after hearing evidence on a motion for new trial shall not be disturbed if there is any evidence to support them. *Allen v. State*, 199 Ga. App. 365, 368 (6) (405 SE2d 94) (1991); *Dudley v. State*, 148 Ga. App. 560, 564 (5) (251 SE2d 815) (1978). In the instant case, there was conflicting evidence at the motion for new trial hearing. The accomplice's attorney claimed that the State agreed to recommend a lenient sentence in exchange for the accomplice's testimony against Burgess. The State's attorney, however, stated in his place that no such deal was made with the accomplice. "An officer of the court may make a statement *in his place* which is taken to be prima facie true unless verification of such statement is required by the opposing party at the time the statement is made." (Emphasis in original; citations and punctuation omitted.) *Sams v. State*, 197 Ga. App. 201, 204 (5) (397 SE2d 751) (1990). "Attorneys are officers of the court and their statements in their place, if not objected to, serve the same function as evidence." (Citations, punctuation and emphasis omitted.) *Ga. Bldg. Svcs. v. Perry*, 193 Ga. App. 288, 300 (6) (387 SE2d 898) (1989). The trial court, acting as a factfinder, resolved the contradictory claims of the attorneys in favor of the State's attorney.

Because the statement of the State's attorney supported the court's finding that there was no deal between the State and the accomplice, the denial of the motion for a new trial shall not be disturbed.

*Judgment affirmed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 5, 1993.

*Donna L. Avans*, for appellant.

*Timothy G. Madison, District Attorney, Jeffery G. Morrow, Assistant District Attorney*, for appellee.