A94A1404. THE STATE v. TONEY.
(449 SE2d 892)

RUFFIN, Judge.

Appellee was indicted for burglary, aggravated assault, aggravated sodomy, and rape. Appellee moved the court to suppress certain personal items obtained from his residence and hair and blood samples, all of which were seized pursuant to search warrants. The trial court granted appellee's motion to suppress, and the State appeals.

On May 8, 1993, based on information supplied by the victim, Detective William Dawson obtained an arrest warrant for the appellee from Magistrate Charles Chesbro. Appellee was arrested on the same day. On May 10, 1993, Detective Dawson applied for and received search warrants from Magistrate Bill Burn to seize various personal items and hair and blood samples from appellee's residence and his person. The searches were executed, and the detective seized the majority of the items listed in the search warrants, items which appellee subsequently moved to suppress.

After the suppression hearing, in which Detective Dawson was the sole witness, the trial court made the following findings: (1) aside from the mere reference to the arrest warrant in the affidavits prepared by Detective Dawson in support of the applications for the search warrants, there was no evidence of record connecting the appellee to the crimes alleged in the applications; (2) the search warrant

for appellee's residence was especially suspect because "Olive Springs Rd., Marietta GA" was written in the space provided to identify the accused; and (3) despite the fact that Detective Dawson referred to the arrest warrant in his testimony before Judge Burn, there is no evidence that Judge Burn considered the contents of the arrest warrant when he made his determination. Thus, the court concluded that the mere fact that Judge Chesbro issued an arrest warrant did not establish a fair probability that evidence of the crime would be found in the place to be searched and that there was insufficient evidence that Judge Burn had a substantial basis for finding probable cause.

Relying on *Ferrell v. State*, 198 Ga. App. 270 (401 SE2d 301) (1991) and *Kennard v. State*, 180 Ga. App. 522 (349 SE2d 470) (1986), the State contends that probable cause for the search warrants was established by virtue of the issuance of an arrest warrant and appellee's arrest; therefore, the court erred in concluding that there was no evidence in the record connecting appellee to the crimes alleged in the search warrants. The State also argues that Judge Burn was authorized to rely on Judge Chesbro's previous determination of probable cause for the issuance of the arrest warrant, since such finding is presumptively correct, the contrary not having been demonstrated.

However, neither *Ferrell* nor *Kennard* stand for the proposition that the issuance of an arrest warrant and a subsequent arrest pursuant to the warrant establish probable cause for the issuance of a search warrant. " '(B)efore a warrant may issue, the issuing magistrate must have sufficient reasons to believe that a crime was committed, that the items sought are connected with the crime, and that the items sought will be found in the place to be searched. (Cit.)' [Cit.]" Id. at 523. In *Kennard*, the affiant stated that he had reason to believe and did believe that a weapon used in the commission of a crime was being stored in the defendant's home. The court concluded since the defendant was arrested at his home shortly after the crime took place, it was reasonable for the investigating officers to believe that the weapon would be there; thus, there was probable cause for the issuance of a warrant. Id. In *Ferrell*, the court first questioned the necessity of obtaining a warrant to obtain hair samples but nonetheless concluded that the seizure of hair samples after the defendant's arrest was proper because there was probable cause to believe that hair which the affidavit indicated had been discovered in a stocking mask abandoned at the scene of the crime by the perpetrator would match defendant's hair. *Ferrell*, supra at 271-272.

In the instant case, with regard to the State's seizure of hair and blood samples, there is nothing in Detective Dawson's affidavit or subsequent testimony which indicated how these items are "connected with the crime," such as evidence that the perpetrator's blood

and hair were found at the scene of the crime. As to the personal items seized from appellee's home, which consisted of clothing which matched the victim's description of what her attacker wore at the time of the attack, there was insufficient evidence that the "items sought [would] be found in the place to be searched."

Seven days passed between the date of the alleged acts and Detective Dawson's affidavit, and while this lapse of time does not necessarily prevent a finding of probable cause based on staleness (see *Reeves v. State*, 197 Ga. App. 107 (1) (397 SE2d 601) (1990)), Detective Dawson did not specifically indicate a reasonable belief that the items sought would be found in appellee's residence. See *Kennard*, supra. Nor was there any other evidence supporting such a finding such as the location of appellee's arrest, whether appellee returned to his residence after the attack, the likelihood that appellee returned to his home after the attack, the distance between the scene of the crime and appellee's residence, and what appellee's activities were between the attack and the execution of the arrest warrant. Compare *Duckworth v. State*, 246 Ga. 631 (3) (272 SE2d 332) (1980); *Murphy v. State*, 238 Ga. 725 (1) (234 SE2d 911) (1977); *Walker v. State*, 157 Ga. App. 728 (2) (278 SE2d 487) (1981).

"Unless clearly erroneous, the trial court's ruling on disputed facts and credibility at a suppression hearing must be accepted on appeal. [Cit.] . . . The finding of fact of the trial court . . . is not clearly erroneous and therefore must be accepted by this court on appeal. [Cits.]" *State v. Marcus*, 206 Ga. App. 385, 387 (2) (425 SE2d 351) (1992). Accordingly, the trial court did not err in granting appellee's motion to suppress.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 27, 1994.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Bruce Hornbuckle, Assistant District Attorneys,* for appellant.

*Judson R. Knighton,* for appellee.