### A97A0445. BICKLEY v. THE STATE.

(489 SE2d 167)

POPE, Presiding Judge.

Defendant Wilson Bickley was convicted of rape (two counts), burglary (three counts), aggravated assault (three counts), aggravated sodomy, and theft by taking. Defendant appeals following the denial of his motion for new trial, and we affirm.

The crimes for which defendant was convicted all took place within a ten-day period and involved three victims. All three incidents occurred near I-20 and Candler Road in DeKalb County. In the early morning hours of May 27, 1993, a man broke into the apartment of A. S. at 2933 Panthersville Road. The perpetrator threatened the victim with a knife, told her he intended to rape her, and took her clothes off. At this point the victim's mother entered the room, and the perpetrator ran out of the apartment. In the early morning hours of June 3, 1993, a man broke into the apartment of Y. S. at 2571 Candler Road, threatened the victim with a knife and raped her. And in the early morning hours of June 5, 1993, a man broke into the apartment of T. T. at 152 Habitat Circle, threatened her with a knife, forced her to perform oral sex and then raped her.

1. The State presented evidence at trial that defendant's DNA sample matched semen samples from the two rapes charged in this case. The DNA sample had been taken from defendant pursuant to a search warrant issued in connection with a March 1994 rape case in Cobb County. As in this case, the perpetrator in the Cobb County case had broken into the victim's apartment in the early morning hours, threatened her with a knife and raped her. And, as in this case, defendant's DNA sample matched samples taken from the Cobb County rape scene.

Defendant contends the trial court should have granted his motion to suppress the DNA evidence on two grounds: (a) there was insufficient probable cause to support the warrant to draw his blood for DNA testing in Cobb County, and (b) even if the testing in Cobb County was proper, the authorities should have gotten another search warrant before using his DNA results in connection with crimes which occurred in DeKalb County. Both of these contentions are without merit.

(a) "On appeal of the denial of a motion to suppress, the evidence is to be construed most favorably to the upholding of the findings and judgments made. . . . The trial court's findings must be adopted unless determined to be clearly erroneous." (Citation and punctuation omitted.) *Merriman v. State*, 201 Ga. App. 817 (1) (412 SE2d 598) (1991). In *Redding v. State*, 192 Ga. App. 87, 88 (383 SE2d 640) (1989), the Court adopted the practice that, in reviewing the affidavit supporting a warrant, the trial court must delete all false statements and include omitted truthful material in determining whether probable cause existed. However, for an omission to invalidate a warrant, the defendant must show that the omitted information was material to the determination of probable cause and that it was omitted for the purpose of misleading the magistrate. *Ferrell v. State*, 198 Ga. App. 270 (401 SE2d 301) (1991).

In its order denying defendant's motion to suppress, the trial court noted that it had "out of an abundance of caution, . . . deleted certain information from the affidavit and then reexamined it, in order to determine if probable cause still exist[ed]." The trial court also noted that the fact that the knife used in the attack was curved was omitted from the affidavit. Defendant argues that there were other omissions which the trial court did not address, in violation of *Redding*, and that due to the number of misrepresentations and omitted relevant facts, the warrant was issued without probable cause. Our review of the record shows no merit to this contention. The omitted information was not material to the trial court's determination of probable cause. The trial court based its finding on the description of the perpetrator's voice, his close proximity to the scene of the crime, his absence from his home during the time the crime was committed, the smells on the perpetrator's person which were consistent with those about the defendant, and the fact that the defendant had recently been in the residence where the rape occurred to install a VCR, which was stolen at the time of the rape. The affidavit did not materially misrepresent any of the evidence on which the judge based his finding. And there is no showing that any information was omitted for the purpose of misleading the magistrate. Accordingly, the trial court did not err in denying the motion to suppress on this basis.

(b) Nor should the DNA evidence have been suppressed on the basis that additional testing of defendant's blood for use by DeKalb County investigators required an independent warrant. In support of this contention, defendant cites *State v. Gerace*, 210 Ga. App. 874 (437 SE2d 862) (1993) for the proposition that a blood sample may not be used for any desired purpose by law enforcement officials. In *Gerace* the defendant, arrested for DUI, consented to the drawing of his blood for alcohol and drug testing under OCGA § 40-5-55. Gerace's blood was then also subjected to DNA testing. This Court upheld the grant of defendant's motion to suppress under these facts, finding that OCGA § 40-5-55 limits the drawing of blood only to test for alcohol and drugs and that defendant consented only to the drawing of his blood for that purpose.

The situation here is distinguishable from *Gerace*. In this case defendant's blood was obtained pursuant to a warrant for the purpose of DNA testing, and that is the only test that was ever performed on defendant's blood. And no matter how many times defendant's blood is tested, the DNA results would be identical. What defendant is really objecting to is the comparison of his DNA with DNA derived from samples taken from the victims of crimes other than the one specified in the search warrant. We agree with the trial court that "[i]n this respect, DNA results are like fingerprints which are maintained on file by law enforcement authorities for use in further investigations."[1]

The sharing of the DNA evidence between law enforcement officials in different counties did not require a second search warrant. The trial court's denial of the motion to suppress was not erroneous.

2. The trial court did not err when it admitted evidence of the victim's pre-trial identification of defendant from an array of photographs, since there is no evidence that the identification procedure was impermissibly suggestive. *Manning v. State*, 207 Ga. App. 181, 183 (5) (427 SE2d 521) (1993).

3. The trial court did not err in denying defendant's motion for severance. Joinder is justified when the offenses are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. *Dingler v. State*, 233 Ga. 462 (211 SE2d 752) (1975). In *Cooper v. State*, 253 Ga. 736 (325 SE2d 137) (1985), where three incidents occurred within a fifteen-day period in the same vicinity, all involving violence against females, and two

---

[1] Georgia, like many other states, has enacted statutes creating DNA data banks for convicted sex offenders. See OCGA § 24-4-60 et seq. And federal, state, and local law enforcement officers have a right to obtain DNA information from the data bank "upon a request made in furtherance of an official investigation of any criminal offense." OCGA § 24-4-63.

involving the threat or use of a knife, the Court found that the incidents reached the level of a pattern and that they therefore constituted parts of a single scheme or plan. The crimes in this case are even more closely related than those in *Cooper*, justifying joinder. The trial court's determination was not erroneous.

4. We find no merit to defendant's contention that the trial court erred in allowing evidence of the Cobb County rape to be admitted as a similar transaction because it was not sufficiently similar to the DeKalb County crimes. *Hathcock v. State*, 214 Ga. App. 188, 192 (8) (447 SE2d 104) (1994).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JULY 16, 1997.

*James D. Michael*, for appellant.

*J. Tom Morgan, District Attorney, Thomas S. Clegg, Robert M. Coker, Assistant District Attorneys*, for appellee.