## S01G0278. WATTS v. THE STATE.
### (552 SE2d 823)

CARLEY, Justice.

A jury found Zane Phillip Watts guilty of rape and incest, and the trial court entered judgments of conviction and sentences on the jury's verdicts. On appeal, Watts contended that the trial court erroneously denied a motion to suppress his blood and hair samples obtained by the State pursuant to a warrant. The motion alleged that the warrant had unspecified "material omissions" that undermined its validity. The Court of Appeals affirmed, holding that

it is well settled that, where a defendant challenges a warrant based on the alleged omission of material information, the defendant bears "the burden of showing not only that the false and omitted information was material to the determination of probable cause, but that any false information given or material information omitted was done so for the purpose of misleading the magistrate." [*Houston v. State*, 242 Ga. App. 114, 115-116 (1) (527 SE2d 619) (2000). See also *Bickley v. State*, 227 Ga. App. 413, 414 (1) (a) (489 SE2d 167) (1997).] In order to force an evidentiary hearing on the accuracy of the affidavit, a defendant must present more than mere conclusions. There must be allegations of deliberate falsehood or reckless disregard for the truth, and these

allegations must be accompanied by evidence or an offer of proof of such evidence. Mere allegations of negligence or mistake of fact are not sufficient. [*Ferrell v. State*, 198 Ga. App. 270-271 (1) (401 SE2d 301) (1991).] In this case, Watts did not even *allege* that any facts were intentionally omitted for the purpose of misleading the magistrate, much less present evidence or an offer of proof on this issue. Accordingly, he failed to satisfy his burden of proof, and the trial court thus did not err in denying the motion to suppress. [Cits.]

(Emphasis in original.) *Watts v. State*, 246 Ga. App. 367, 372 (5) (541 SE2d 41) (2000). We granted certiorari to examine this holding. Because the Court of Appeals erred in imposing inapplicable federal pleading requirements on Watts and also in placing the initial burden on him to produce evidence, we reverse.

1. The Court of Appeals cites *Ferrell v. State*, supra at 270-271 (1), for the proposition that the defendant must specifically both plead a deliberate or reckless disregard for the truth and produce or proffer evidence in support of such allegation. *Watts v. State*, supra at 372 (5). However, applicable Georgia law does not expressly require a defendant who files a motion to suppress to make such specific allegations or to produce or proffer evidence. Moreover, the existence of such a pleading requirement cannot be implied from the law of this state, as it would be contrary to OCGA § 17-5-30 (b) and the controlling principle that the initial burden of evidentiary production is always on the State. See *Davis v. State*, 266 Ga. 212 (465 SE2d 438) (1996); *State v. Slaughter*, 252 Ga. 435 (315 SE2d 865) (1984). OCGA § 17-5-30 (b) requires only that the motion to suppress "state facts showing that the search and seizure were unlawful."

The language from *Ferrell* cited by the Court of Appeals in support of its holding was adopted from *Franks v. Delaware*, 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978) in a line of that Court's cases. However, in *State v. Slaughter*, supra at 439, this Court acknowledged the procedure in *Franks*, but found that OCGA § 17-5-30 governed *all* motions to suppress in Georgia, so as not to create two procedures, one statutory and the other non-statutory. Just as *Franks* does not control the burden of proof in the courts of this state, neither does that case impose specific pleading requirements for motions to suppress filed in Georgia courts. See *Davis v. State*, supra at 212.

The motion to suppress in this case specified that "the affidavit contains material omissions that undermine the validity of the warrant." The allegations of Watts' motion were clearly sufficient to put the State on notice that it would have to meet its burden of proving that the search and seizure were valid by showing that no material

information was omitted or that any such omissions were not deliberate or reckless. See *Hall v. State*, 216 Ga. App. 807, 808-809 (1) (456 SE2d 56) (1995). Accordingly, we overrule *Bowe v. State*, 201 Ga. App. 127, 130 (3) (410 SE2d 765) (1991); *Ferrell v. State*, supra at 270-271 (1); *State v. Mason*, 181 Ga. App. 806, 812 (4) (353 SE2d 915) (1987); *Amerson v. State*, 177 Ga. App. 97, 100 (5) (338 SE2d 528) (1985); *Ross v. State*, 169 Ga. App. 655, 657 (314 SE2d 674) (1984); *Nutter v. State*, 162 Ga. App. 349, 350 (291 SE2d 423) (1982) and any other case which requires the defendant specifically to allege that information was deliberately or recklessly omitted from an affidavit and withheld from the magistrate.

2. At the hearing, Watts specified what the claimed omissions were, and the prosecutor expressly conceded the accuracy of most of his allegations. See *Wood v. State*, 224 Ga. 121, 125 (2) (160 SE2d 368) (1968). Counsel for the State then proceeded to explain to the trial court why the conceded omissions did not undermine the warrant. However, the prosecutor never introduced the warrant, the supporting affidavit, or testimony regarding any additional evidence that was presented to the magistrate.

Under OCGA § 17-5-30 (b), "the burden of proving that the search and seizure were lawful shall be on the [S]tate." In *Davis v. State*, supra, we construed that statute and clarified the distinction between the burden of proof, also known as the burden of persuasion, and the burden of production when a search warrant is challenged.

> Once a motion to suppress has been filed, the burden of proving the lawfulness of the warrant is on the [S]tate and that burden never shifts. [Cits.] The only burden upon the challenger of a search warrant is that of producing evidence to support his challenge, which burden is shifted to him only after the [S]tate has met its initial burden of producing evidence showing the validity of the warrant. [Cit.]

*Davis v. State*, supra at 213. Where a motion to suppress is based on a statutory ground, the State satisfies its initial evidentiary burden " 'by production of the warrant and its supporting affidavit, and by showing either by those documents or by other evidence that the warrant is not subject to the statutory challenge alleged. . . .' " *Davis v. State*, supra at 213. See also *State v. Slaughter*, supra at 439; *Bartlett v. State*, 165 Ga. App. 18, 19 (1) (299 SE2d 68) (1983); *Liskey v. State*, 156 Ga. App. 45, 46 (1) (274 SE2d 89) (1980). Even if the challenge to the warrant is not based upon one of the statutory grounds, the State's burden of producing evidence shifts to the defendant only after production of the warrant and its supporting affidavit. *State v. Slaughter*, supra at 439.

The Court of Appeals cites two of its previous decisions which place on the defendant the burden of showing both the materiality of false or omitted information and deliberate or reckless disregard for the truth. *Houston v. State*, supra at 115-116 (1); *Bickley v. State*, supra at 414 (1) (a). In those cases, however, it is apparent that the trial court had the warrant and affidavit before it and, thus, that the State had met its initial burden of production and thereby shifted that burden to the defendant. In fact, the State also presented the testimony of the affiant officer in at least one of the cited cases. *Houston v. State*, supra at 115 (1). The warrant and affidavit at issue here are not in the record and apparently were never placed before the trial court in any other manner. See *Gates v. State*, 229 Ga. App. 766, 768 (b) (495 SE2d 113) (1997). Compare *Bowman v. State*, 205 Ga. App. 347, 348 (422 SE2d 239) (1992) (warrant and affidavit were attached to defendant's motion to suppress). Therefore, the burden of production in this case, unlike in *Houston* and *Bickley*, never shifted to the defendant to produce evidence regarding the allegedly false or omitted information.

The prosecutor attempted to meet the State's evidentiary burden without ever introducing any evidence by making arguments regarding the immateriality of the omitted information. See *Hall v. State*, supra at 809 (1). However, both *Davis* and *Slaughter* required the State to produce at least the warrant and supporting affidavit in order to meet its initial burden. The materiality of any omissions and the extent of any disregard of the truth cannot be determined unless and until all of the information disclosed to the magistrate is provided to the trial court. The warrant and supporting affidavit are necessary to establish the standard against which Watts' allegations were required to be balanced. Because the prosecution failed to present any evidence to meet its burden of producing evidence, the trial court erred in denying the motion to suppress.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 17, 2001 —
RECONSIDERATION DENIED OCTOBER 22, 2001.

*King, King & Jones, David H. Jones, Brian A. Gardiner,* for appellant.

*Peter J. Skandalakis, District Attorney, Kevin W. Drummond, Tara M. Wilson, Assistant District Attorneys,* for appellee.

*James C. Bonner, Jr.,* amicus curiae.