## A03A0929. WATTS v. THE STATE.
### (582 SE2d 186)

ELDRIDGE, Judge.

This is the third appearance of this case before us. In *Watts v. State*, 246 Ga. App. 367 (541 SE2d 41) (2000), we affirmed a Carroll County jury's verdict finding Watts guilty of rape and incest. In so doing, this Court determined, inter alia, that the trial court did not err in denying Watts' motion to suppress a search warrant for his hair and blood which resulted in DNA evidence against him, because (1) Watts' motion to suppress alleged only that the warrant "omitted material facts" from the affidavit in support of the search warrant, without putting the State on notice as to what specific facts were allegedly omitted so as to permit the State to address the allegations, and (2) Watts failed to produce evidence or make an offer of proof as to allegations of material factual omissions.[1]

The Supreme Court of Georgia granted certiorari and reversed the decision of this Court.[2] While explaining the eminently reason-

---

[1] *Watts v. State*, 246 Ga. App. at 371 (5).

[2] *Watts v. State*, 274 Ga. 373 (552 SE2d 823) (2001).

able principle that a defendant does not bear the initial burden to produce *evidence* in support of his claims of material factual omissions in an affidavit, the Supreme Court went further and held that a defendant does not even have to *plead* in the written motion the material facts allegedly omitted from the affidavit. Inexplicably merging pleading requirements with evidentiary burdens, the Court concluded: "the existence of such a pleading requirement cannot be implied from the law of this state, as it would be contrary to OCGA § 17-5-30 (b)[3] and the controlling principle that the initial burden of evidentiary production is always on the State."[4] Thereafter, overruling,

> *Bowe v. State*, 201 Ga. App. 127, 130 (3) (410 SE2d 765) (1991); *Ferrell v. State*, 198 Ga. App. [270 (401 SE2d 301) (1991)]; *State v. Mason*, 181 Ga. App. 806, 812 (4) (353 SE2d 915) (1987); *Amerson v. State*, 177 Ga. App. 97, 100 (5) (338 SE2d 528) (1985); *Ross v. State*, 169 Ga. App. 655, 657 (314 SE2d 674) (1984); *Nutter v. State*, 162 Ga. App. 349, 350 (291 SE2d 423) (1982) and any other case which requires the defendant specifically to allege that information was deliberately or recklessly omitted from an affidavit and withheld from the magistrate[,][5]

the Supreme Court of Georgia held that a conclusory statement such as the one found in Watts' motion to suppress, i.e.,

> the affidavit contains material omissions that undermine the validity of the warrant[,][6]

is sufficient to put the burden on the State to "show[ ] that no material information was omitted or that any such omissions were not deliberate or reckless."[7] The Court held that such burden could be met through the introduction of the affidavit and warrant.[8] Since the State failed to introduce the affidavit and warrant at the hearing on Watts' motion to suppress, the Supreme Court determined that the trial court erred in denying such motion.

This is, to say the least, a curious result. The above conclusory statement approved by the Supreme Court does not challenge the

---

[3] "[T]he burden of *proving* that the search and seizure were lawful shall be on the state." (Emphasis supplied.) OCGA § 17-5-30 (b).

[4] *Watts v. State*, 274 Ga. at 374 (1).

[5] Id. at 375 (1).

[6] (Punctuation omitted.) Id. at 374 (1).

[7] Id. at 374-375 (1).

[8] Id. at 375-376 (2).

facial validity of an affidavit and resulting warrant. Rather, the facts alleged as *omitted* purportedly render an affidavit improper, thereby, as the Supreme Court put it, *"undermining"* the validity of an otherwise valid warrant.[9] And, in such case, tendering the affidavit and warrant is insufficient, since it is not the documents, themselves, that are being challenged but the warrant's validity in light of allegedly *omitted* information — information that the affidavit and resulting warrant will obviously not contain.

In that regard, the State can hardly be expected to prove a negative, i.e., that *"no* information was omitted" from the affidavit. Nor can the State be expected to know what another party claims is omitted information. This is why, under earlier Supreme Court precedent — and for the last 37 years,[10]

> [t]he motion to suppress must "state facts," OCGA § 17-5-30, not conclusions, *Franks v. Delaware*,[11] showing that the warrant was invalid. . . . Where[, as here,] the defendant relies upon grounds other than the three statutory grounds in attacking a search conducted pursuant to a warrant, *stating the requisite facts renders the motion viable, and results in the necessity for a hearing.*[12]

Clearly, the statement, "the affidavit contains material omissions that undermine the validity of the warrant," is not a fact. If it were, there would be no further issue. The statement is the legal conclusion at which a defendant hopes the trial court will arrive after discerning the "facts" in support thereof. And pleading such legal conclusion, alone, is insufficient under the statute. So it was that, when he was a distinguished member of this Court, Justice Carley stated,

> The trial court correctly relied upon *Cadle v. State*, 131 Ga. App. 175 (205 SE2d 529) (1974) and concluded that appellant's motion to suppress did not state facts showing that the search and seizure were illegal. Rather the motion contains only a series of conclusions unsupported by statements of fact. Accordingly, the motion did not meet the statutory requirements of OCGA § 17-5-30 (b), and the trial court did not err in its disposition of the motion. [Cits.][13]

---

[9] Id. at 374-375 (1).

[10] Ga. L. 1966, pp. 567, 571.

[11] 438 U. S. 154 (98 SC 2674, 57 LE2d 667) (1978).

[12] (Citation and emphasis supplied.) *State v. Slaughter*, 252 Ga. 435, 439, n. 5, 440 (315 SE2d 865) (1984).

[13] (Punctuation omitted.) *Martin v. State*, 195 Ga. App. 548, 550 (3) (394 SE2d 551) (1990).

Thus, while the State's evidentiary burden to prove a warrant valid vel non goes without saying, it does not follow that such *evidentiary* burden negates a defendant's statutory burden to *plead* facts showing wherein the search and seizure were unlawful, thereby raising an issue for the State to rebut with its proof.

> Before the state's burden of proving a lawful seizure arises, the defendant must set forth ". . . facts showing wherein the search and seizure were unlawful." Code Ann. § 27-313 (b) [(now OCGA § 17-5-30 (b))]. This the defendant did not do, so that the trial court did not err in denying his demand for proof by the state.[14]

Notably, the Supreme Court of Georgia has overruled neither *Smith v. Hopper* and *State v. Slaughter*, as cited above, nor the extensive progeny engendered by these two cases over the last twenty years.[15] The failure to do so would appear to contradict the conclusory allegations permitted by the Court's *Watts* decision and confuse the Supreme Court's earlier bright-line (or, at least, brighter line) interpretation of OCGA § 17-5-30 (b) as requiring that a motion to suppress contain specific "facts" showing how a search and seizure were allegedly unlawful.

However, we will not further question the current wisdom. Indeed, where pleading is concerned, the subtle distinctions between the sins of commission and the sins of omission have eluded the soundest of judgments. So, as we were required to do, in *Watts v. State*, 253 Ga. App. 227 (558 SE2d 791) (2002), this Court made the ruling of the Supreme Court of Georgia our own.

Upon return of the remittitur to the superior court, Watts filed a plea in bar as to the motion to suppress. He claimed that, because the Supreme Court of Georgia determined that "the trial court erred in denying the motion to suppress[,]" any further litigation on the motion to suppress was precluded by the doctrine of "collateral estoppel."

A hearing was held on the plea in bar wherein, as best we can decipher, the State argued that, because the suppression issue was

---

[14] *Smith v. Hopper*, 240 Ga. 93, 95 (3) (239 SE2d 510) (1977). Accord *Wallin v. State*, 248 Ga. 29 (1) (279 SE2d 687) (1981), citing *State v. Hodge*, 154 Ga. App. 293 (267 SE2d 906) (1980), and *Whitlock v. State*, 148 Ga. App. 203 (251 SE2d 59) (1978).

[15] See, e.g., *Boatright v. State*, 192 Ga. App. 112, 117-118 (8) (385 SE2d 298) (1989) ("all motions to suppress, whether based on statutory or non-statutory grounds must ' "state facts" ' and not merely 'conclusions' "). Accord, e.g., *Rouse v. State*, 241 Ga. App. 167 (526 SE2d 360) (1999); *Tackett v. State*, 211 Ga. App. 664, 667 (3) (440 SE2d 74) (1994); *Taylor v. State*, 197 Ga. App. 678, 679 (1) (399 SE2d 213) (1990); *Hayes v. State*, 168 Ga. App. 94, 95 (4) (308 SE2d 227) (1983).

decided solely on the basis of attorney argument and no evidence was introduced, an "evidentiary hearing" as contemplated by the suppression statute, OCGA § 17-5-30, was never held; that, under such statute, the trial court was *required* to "receive evidence" during a hearing on a motion to suppress, which was not done in this case.[16] Thus, the doctrine of collateral estoppel did not preclude holding an *evidentiary* hearing on Watts' motion to suppress, since such an evidentiary hearing had never been held before. In addition (and again as best we can discern it), the State claimed that the sole issue addressed by the Supreme Court of Georgia's decision in *Watts* was simply whether a hearing was required and that the Court did not speak to the merits of Watts' motion to suppress, making inapplicable any bar to relitigation of the suppression motion:

> [Prosecutor:] But the issue that they [(Supreme Court)] were specifically saying was whether or not what he [(Watts)] did forced the issue into a hearing and that's what they [(Supreme Court)] reversed on is the Court of Appeals saying that it didn't require a hearing.

The trial court denied the plea in bar, presumably intending to hold an "evidentiary" hearing on the motion to suppress wherein the State could correct its earlier error and tender the affidavit and warrant. Watts filed the instant appeal from that ruling. *Held*:

1. In *Watts v. State*, 274 Ga. at 376, the Supreme Court of Georgia determined that the State did not meet its burden of evidentiary production when it failed to tender the affidavit and resulting search warrant:

> The prosecutor attempted to meet the State's evidentiary burden without ever introducing any evidence by making arguments regarding the immateriality of the omitted information. . . . The warrant and supporting affidavit are necessary to establish the standard against which Watts' allegations [of omitted facts] were required to be balanced. Because the prosecution failed to present any evidence to meet its burden of producing evidence, the trial court erred in denying the motion to suppress.[17]

This sufficiency of the evidence determination that the State failed to meet its burden to prove the warrant was valid is a ruling on the

---

[16] See OCGA § 17-5-30 (b) ("[t]he judge shall receive evidence out of the presence of the jury on any issue of fact necessary to determine the motion").

[17] *Watts v. State*, 274 Ga. at 376 (2).

merits of Watts' motion to suppress evidence obtained as a result of an invalid warrant. Thus, the issue is res judicata, and the motion to suppress may not be relitigated by the State.[18] Under these circumstances, the trial court's denial of Watts' plea in bar, which ruling permitted the State to relitigate the motion to suppress, was error.

2. The unmistakable implication in the Supreme Court's holding is that the State failed to meet its burden of production during an evidentiary hearing held on the motion to suppress pursuant to OCGA § 17-5-30 (b). Otherwise, instead of ruling on the merits, the Supreme Court simply could have remanded the case for an evidentiary hearing on the issue. Indeed, nothing in the record indicates that the State was somehow denied an opportunity to present evidence at the hearing held on Watts' motion to suppress. That the prosecution chose not to do so does not impact on its ability to do so had an alternate choice been made.

3. There is a distinction between requiring a trial court to receive evidence offered during a suppression hearing and requiring a trial court to obtain evidence not offered. Contrary to the State's contention, OCGA § 17-5-30 (b) does not require a trial court to procure evidence that is not tendered, and the court certainly cannot force a party to put forth evidence. The statute mandates only that the parties be given a full and fair *opportunity* to present evidence at a hearing, which the trial court shall then receive. That opportunity was apparently offered in this case.[19] Here, pursuant to the Supreme Court's *Watts* decision, the failure to introduce evidence at the suppression hearing is laid at the feet of the prosecutor, and such failure cannot be used by the prosecution to argue that no "evidentiary" hearing was had at all.

4. Although the motion to suppress may not be relitigated and stands as granted by virtue of the holding of the Supreme Court of Georgia in *Watts v. State*, 274 Ga. at 373, Watts may be retried on the rape and incest charges for which he was found guilty.

> The general rule is that the retrial of the defendant is not barred where reversal of the conviction results from trial error rather than evidentiary insufficiency.[20]

---

[18] See *Roundtree v. State*, 222 Ga. App. 363 (1) (474 SE2d 224) (1996); *State v. Slater*, 214 Ga. App. 119 (446 SE2d 771) (1994).

[19] The State is misplaced in its reliance on cases such as *State v. Watson*, 143 Ga. App. 785 (240 SE2d 194) (1977), and *Gray v. State*, 145 Ga. App. 293 (243 SE2d 687) (1978), wherein no opportunity to put evidence before the trier of fact was afforded the parties prior to the court's ruling.

[20] (Citations omitted.) *Nance v. State*, 274 Ga. 311 (553 SE2d 794) (2001).

In the trial of the instant case, the victim testified as to the elements of the specific indicted acts of rape and incest for which Watts was found guilty, and she identified Watts as the perpetrator of those acts.[21] "The testimony of a single witness is generally sufficient to establish a fact."[22] Further, any issue with regard to the credibility of the victim's testimony plays no part in a reviewing court's analysis of the sufficiency of the evidence.[23] Thus — even without the evidence that should have been suppressed as tainted by an invalid warrant — the testimony of the victim was legally sufficient for a rational trier of fact to have found Watts guilty beyond a reasonable doubt of rape and incest.[24]

> [B]ecause appellant was granted a new trial due to erroneous evidentiary rulings rather than a finding that the evidence was insufficient to support his convictions, double jeopardy does not bar retrial. . . . Only in situations where a new trial is granted due to a reviewing court's determination that the evidence at a first trial was insufficient to authorize a guilty verdict is a second prosecution barred by the procedural double jeopardy concerns expressed in our Georgia Code and our State and Federal Constitutions.[25]

As, even absent evidence subject to suppression, legally sufficient evidence exists to support conviction, retrial on the rape and incest charges for which Watts was convicted is authorized.[26]

*Judgment reversed. Johnson, P. J., concurs in judgment only. Mikell, J., concurs fully in Divisions 1, 2, 3 and 4 and concurs in the judgment.*

---

[21] *Watts v. State*, 246 Ga. App. at 367 (1), rev'd on other grounds, *Watts v. State*, 274 Ga. at 373.

[22] OCGA § 24-4-8.

[23] *Roberts v. State*, 258 Ga. App. 107, 108 (1) (572 SE2d 744) (2002).

[24] *Hill v. State*, 250 Ga. App. 897, 905 (3) (553 SE2d 289) (2001).

[25] (Footnote omitted.) *Lackes v. State*, 274 Ga. 297-299 (553 SE2d 582) (2001).

[26] It should be understood that, upon retrial, the evidence subject to suppression through the granting of Watts' motion to suppress may be introduced to impeach Watts' testimony, if such testimony is in direct contradiction to the facts established by the suppressed evidence. *Walder v. United States*, 347 U. S. 62 (74 SC 354, 98 LE 503) (1954). Procedurally instructive in this regard is *Walder v. United States*, supra, and *James v. Illinois*, 493 U. S. 307, 311-318 (110 SC 648, 107 LE2d 676) (1990). And limiting instructions with regard to the use of such evidence only for impeachment purposes must not be forgotten. See, e.g., *State v. Byrd*, 255 Ga. 665, 667 (341 SE2d 455) (1986). See also *United States v. Havens*, 446 U. S. 620, 626-627 (100 SC 1912, 64 LE2d 559) (1980); *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971); *Oregon v. Hass*, 420 U. S. 714 (95 SC 1215, 43 LE2d 570) (1975); *Smith v. State*, 236 Ga. 12, 22 (10) (222 SE2d 308) (1976); *Goodwin v. State*, 222 Ga. App. 285, 287 (3) (474 SE2d 84) (1996); *Shipman v. State*, 221 Ga. App. 160, 161 (1) (471 SE2d 225) (1996); *Charlton v. State*, 217 Ga. App. 842, 844 (459 SE2d 455) (1995); *Knisely v. State*, 155 Ga. App. 673 (1) (a) (272 SE2d 539) (1980) (physical precedent only).

DECIDED MAY 12, 2003.

King & King, David H. Jones, for appellant.
Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney, for appellee.