## A04A0792. THE STATE v. GOOCH.
(598 SE2d 341)

ELDRIDGE, Judge.

The State appeals from an order of the Gwinnett Superior Court granting Clayton Jewell Gooch's motion to suppress drugs located during a consent search of his person. Because the trial court's ruling was based on an erroneous application of law to the facts of this case, we reverse.

The only evidence at the motion to suppress was adduced from the testimony of the two officers on the scene; Gooch did not testify or otherwise contest the officers' testimony. "When reviewing a trial court's order on a motion to suppress where the facts are undisputed, we apply a de novo standard of review to the trial court's application of the law to the facts. [Cit.]"[1]

The evidence of record shows that five young men were traveling in a vehicle through Duluth on Highway 120 eastbound at approximately 4:00 a.m. The driver of the car was Bryan Cummings, and appellant Gooch was a passenger in the back seat. Corporal Hutchinson with the Duluth Police Department stopped the vehicle because it had a handwritten piece of paper stating "Tag Applied For" attached to the rear license plate area, instead of a statutorily authorized tag. Upon approaching the driver's side of the car, Hutchinson immediately smelled the odor of an alcoholic beverage emanating from the vehicle in general and from driver Cummings in particular. Due to the number of passengers and the necessity of conducting a DUI investigation, Hutchinson called for backup; Officer Lacow

---

[1] *Swan v. State*, 257 Ga. App. 704, 705 (572 SE2d 64) (2002).

responded and maintained surveillance over the passengers while Hutchinson questioned Cummings.

When asked whether he had been drinking, Cummings admitted to having consumed "three beers" at a local bar, Julians. It is undisputed that Cummings also volunteered to Hutchinson that he had been smoking marijuana and that he had marijuana in the car. Cummings gave the officer a partially smoked marijuana cigarette from the vehicle's ashtray. Corporal Hutchinson asked Cummings to step out of the car; the officer performed a field evaluation and determined that Cummings was under the influence of drugs and alcohol. He arrested Cummings and impounded his car with the intent to search it to determine if more marijuana was inside.

During Hutchinson's DUI investigation of the driver, Officer Lacow smelled the odor of alcohol coming from the vehicle. After the marijuana cigarette was turned over and the driver taken into custody, the passengers were asked to step out of the car so that it could be searched. Officer Lacow engaged in conversation with the passengers, who told him they had attended a "Nickelback" concert earlier that night. The officers asked the passengers if they were in possession of marijuana, and each responded in the negative although "they did admit to drinking." Appellant Gooch admitted that he was "very intoxicated." The officers then asked for consent to search each passenger, and each agreed. Lacow testified that he asked for consent to search the passengers as a group and then reasked each individual passenger for consent prior to the actual search. It is undisputed that appellant Gooch voluntarily consented to a search of his person. While patting down Gooch, Lacow felt a bulge in his front pocket; he asked Gooch if he would remove the item from his pocket, and it is undisputed that Gooch voluntarily did so, revealing a bag of marijuana and a pipe. Gooch was then searched incident to arrest, and a Schedule II drug was located in pill-form on his person.

In its order granting Gooch's motion to suppress, the trial court concluded that there was no independent basis for conducting a pat-down of the passengers since there was no evidence that officer safety was an issue. The trial court further held that since Gooch "was merely a passenger in the vehicle that had been stopped for a suspected traffic violation, the officer had no authority to seek consent to search Defendant's person. Thus, any consent given by Defendant was invalid and the search was not authorized." *Held*:

It is not controverted that the stop of Cummings' vehicle was proper. An officer who has legitimately stopped a car may request

consent to search from the driver and passengers.[2] Consequently, there is no legal basis for concluding that because Gooch was a passenger in the validly stopped vehicle, Officer Lacow had no authority to request to search his person. In the single case cited by the trial court when granting suppression, *Milby v. State*,[3] this Court specifically found that passenger Milby was improperly subjected "to a pat-down to which he did not consent,"[4] and thus, the *Milby* decision provides no support for the trial court's finding that an officer cannot ask a passenger for consent to search.

Additionally, where the State seeks to justify a warrantless search on grounds of consent, it has the burden of proving the consent was freely and voluntarily given.[5] In this case, there is no contention — or evidence — either that Gooch's consent to search was not freely and voluntarily given or that Gooch's removal of the marijuana from his pocket was involuntary. Thus, "voluntariness" is not a disputed issue herein.

Further, we reject the argument that, after the arrest of the driver, the stop was concluded, and Gooch's continued presence on the scene was an improper "detention." This argument is unsupportable in that it ignores the fact that to have permitted Gooch to simply depart would have resulted in a "very intoxicated" Gooch wandering down Highway 120 at 4:00 in the morning. Thus, the conclusion of the stop notwithstanding, the arrest of the driver unavoidably resulted in Gooch's continued presence on the scene, and an improper "detention" is not automatically established thereby. Notably, there is no evidence or claim that Gooch wanted to leave and was required to remain. And the sequence of events following the driver's arrest does not demonstrate an illegal detention of Gooch. He was asked to get out of the driver's vehicle because it was going to be searched pursuant to impound. The single inquiry as to whether any of the passengers had marijuana on their persons was made immediately and was reasonable under the circumstances, since marijuana was found in the car; the five young men had been together in the car all evening since the "Nickelback" concert; the seized marijuana cigarette was located in the vehicle's ashtray accessible to all occupants; the source of the contents of the marijuana cigarette was unclear; and all the passengers were admittedly intoxicated. The request to search was then made immediately, and there is no evidence or claim that

---

[2] *State v. Harris*, 236 Ga. App. 525, 528 (2) (b) (i) (513 SE2d 1) (1999); *Gamble v. State*, 223 Ga. App. 653, 656 (3) (478 SE2d 455) (1996); *Davis v. State*, 194 Ga. App. 482, 483 (1) (391 SE2d 124) (1990).

[3] 256 Ga. App. 429 (569 SE2d 256) (2002).

[4] Id. at 430.

[5] *Sutton v. State*, 223 Ga. App. 721, 724 (1) (478 SE2d 910) (1996).

Gooch was detained beyond the time it took to request consent to search his person and to conduct the consent search which resulted in arrest.

Because we find plain error in the trial court's legal conclusion that Officer Lacow had no authority to ask Gooch for consent to search solely because Gooch was a passenger in the validly stopped vehicle, and because the only evidence of record shows that the drugs at issue were found pursuant to a consent to search made freely and voluntarily, we reverse the grant of the motion to suppress.

*Judgment reversed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 19, 2004 —
RECONSIDERATION DENIED APRIL 2, 2004.

*Daniel J. Porter, District Attorney, Stephen A. Fern, Assistant District Attorney*, for appellant.

*R. C. Cougill*, for appellee.