A04A2260. WILSON v. THE STATE.
(612 SE2d 311)

RUFFIN, Chief Judge.

Carter Wilson was charged with possessing marijuana with intent to distribute. He moved to suppress evidence of the marijuana, arguing inter alia that the police officer conducted an unlawful pat-down search. The trial court denied the motion, and we granted Wilson's application for interlocutory appeal. For reasons that follow, we reverse.

"Where the evidence on a motion to suppress is uncontroverted and credibility is not an issue, we review the evidence and the application of the law thereto de novo, construing all evidence in favor of the trial court's judgment."[1] Viewed in this manner, the record shows that on October 30, 2003, Police Officer Paul Cwalina stopped a Ford pickup truck that improperly crossed lanes of traffic while making a turn. Wilson was the driver of the truck.

According to Cwalina, he obtained Wilson's license, told Wilson the reason that he stopped him, and then immediately asked Wilson "if he had anything inside the vehicle that [the officer] needed to know about — guns, knives, et cetera." Wilson responded negatively. Although Cwalina admittedly did not see anything suspicious in the truck, he asked for permission to search it, and Wilson said "okay."

---

[1] (Footnote omitted.) *Almond v. State*, 242 Ga. App. 650 (1) (530 SE2d 750) (2000).

Cwalina testified that he "routinely ask[s] people, all the time, for permission to search their vehicle."

Cwalina then had Wilson step out of the truck, and he patted him down. When asked why he conducted the pat-down, Cwalina responded that "[i]t was a [*Terry*] pat down for officer safety, which is allowed." However, Cwalina also testified that he "felt [Wilson] was not a threatening person" and that nothing indicated that Wilson "was about to harm [him] in any way." During the pat-down, Cwalina felt a "hard object" in Wilson's pocket that he believed to be rolling papers, and he asked Wilson "what it was." Wilson confirmed that he had rolling papers, and Cwalina reached into the pocket and removed them. After Cwalina took the papers, Wilson told him that he had marijuana in the car. Cwalina then asked Wilson "where it was," and Wilson reached into the car and took the marijuana from the console. Wilson was subsequently arrested for possessing marijuana with intent to distribute.

On appeal, Wilson contends that the trial court erred in denying his motion to suppress because Cwalina exceeded the scope of his authority in patting him down for weapons. We agree.

As this Court recently reiterated, a police officer is permitted to conduct a search for weapons

> where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.[2]

The State argues that the search here was permissible because "[i]t is not unreasonable for officers to anticipate that those who are suspected of involvement in the drug trade might be armed." However, at the time he patted Wilson down, Cwalina had no reason to suspect that Wilson was involved in the drug trade. To the contrary, Cwalina testified that he saw nothing in the truck to arouse his suspicion, that Wilson did not seem impaired, and that Wilson was not threatening. Cwalina admittedly patted Wilson down as a matter of routine. This situation mirrors that in *Milby v. State*, where we held that "[a] general practice of routinely patting down anyone who exits a car does not provide a reasonable basis for concluding that the

---

[2] *Milby v. State*, 256 Ga. App. 429, 430 (569 SE2d 256) (2002).

subject is a threat to the officer's safety."[3]

Even assuming that Cwalina was justified in patting Wilson down, he was not authorized to reach into his pocket and remove the rolling papers. Again, the justification for a pat-down search is officer safety.[4] Thus, the search must "be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer."[5] The only exception to this rule is if the officer feels an object "whose contour or mass makes its identity as contraband immediately apparent, i.e., the 'plain feel' doctrine."[6] Here, Cwalina testified that he knew the item was rolling papers, which are neither contraband nor used exclusively for illegal activity. Accordingly, Cwalina was not justified in reaching into Wilson's pocket to retrieve the rolling papers.[7]

The issue thus becomes whether the illegal search tainted the subsequent discovery of the marijuana.[8] As soon as Cwalina removed the rolling papers, Wilson confessed to having marijuana in the truck. "Verbal evidence obtained immediately from an unlawful entry and an unlawful arrest is no less the poisoned fruit of official illegality than the seizure of physical evidence."[9] Given that Wilson's incriminating statement, as well as his production of the marijuana, immediately followed and were in response to Cwalina's illegal search, we find that the statement and marijuana were tainted and should have been suppressed.[10]

The fact that Wilson consented to a search of his vehicle does not alter this result because the marijuana was not found as a result of such search. Until the consent search was performed, Wilson remained free to withdraw his consent.[11] And as Wilson may have withdrawn his consent to search, we cannot say that Cwalina would have found the marijuana independently of his illegal pat-down of Wilson and Wilson's subsequent confession.

*Judgment reversed. Adams and Bernes, JJ., concur.*

---

[3] Id. at 431.

[4] See id. at 430; *State v. Jourdan*, 264 Ga. App. 118, 122 (2) (589 SE2d 682) (2003).

[5] *Jourdan*, supra.

[6] *Howard v. State*, 253 Ga. App. 158, 160 (558 SE2d 745) (2002).

[7] See id.

[8] See *Brown v. State*, 261 Ga. App. 351, 354 (2) (582 SE2d 516) (2003).

[9] *Griffith v. State*, 172 Ga. App. 255, 258 (1) (322 SE2d 921) (1984) (physical precedent only) (citing from *Wong Sun v. United States*, 371 U. S. 471, 485 (83 SC 407, 9 LE2d 441) (1963)).

[10] See *Corley v. State*, 236 Ga. App. 302, 307 (2) (512 SE2d 41) (1999).

[11] See *Randolph v. State*, 264 Ga. App. 396, 398 (1) (590 SE2d 834) (2003), aff'd, *State v. Randolph*, 278 Ga. 614 (604 SE2d 835) (2004); *Montero v. State*, 245 Ga. App. 181, 184 (537 SE2d 429) (2000).

Clark & Towne, David E. Clark, for appellant.
Daniel J. Porter, District Attorney, Stephen A. Fern, Matthew D. Crosby, Assistant District Attorneys, for appellee.