A07A1629. WALKER v. THE STATE.
(658 SE2d 207)

MIKELL, Judge.

After a bench trial following a hearing on a motion to suppress, Edward Walker was convicted of violating the Georgia Controlled Substances Act, possession of a firearm during the commission of a crime, and carrying a concealed weapon on a bus.[1] Walker appeals his conviction, contending that the trial court erred by denying his motion to suppress. We disagree and affirm.

While we . . . conduct a de novo review of the trial court's application of law to the undisputed facts when the evidence is uncontroverted and the credibility of the witnesses is not in question, where the credibility of a witness is determinative of the outcome, we apply the following three-part test: When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to

---

[1] The state nolle prossed Count 1 of the indictment, trafficking in cocaine, after the hearing on the motion to suppress.

questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.[2]

So construed, one witness, Officer Richard Thompson of the DeKalb County Police Department, testified at the hearing on Walker's motion to suppress. Thompson testified that at approximately 11:30 p.m. on July 21, 2006, he responded to a 911 call involving a MARTA bus. The description of the call on the screen in his squad car indicated that there was a dispute on a bus located at the intersection of Panthersville Road and Clifton Springs Road that involved a passenger who was possibly intoxicated, was loud and belligerent, and refused to get off the bus. When Thompson arrived at the scene, the bus was stopped and the bus driver pointed out Walker sitting on the rear bench seat of the bus. Thompson testified that Walker had an open 12-pack carton of beer and a white plastic bag sitting between his feet; that he asked Walker to get his belongings and to step off of the bus with him; that Walker complied; and that he asked Walker to walk to his patrol car and put his hands on the rear of his car so that Thompson could pat him down for weapons. Thompson testified that he felt a handgun in Walker's right rear pocket and pulled it out, that he found a wad of money in Walker's left front pants pocket, and that he found a large quantity of crack cocaine in the white plastic bag that Walker was carrying. Thompson recalled that Walker was not loud or belligerent until after he was arrested and placed in the rear of Thompson's car. When asked why he decided to conduct a pat-down search of Walker, Thompson explained as follows:

> I was in a relatively remote location for south precinct, Panthersville and Clifton Springs Road. I didn't know whether I was going to arrest the subject or not at that point. But I was by myself. It was busy. There were no other units to back me up at the time. I wanted to pat him down in case when I decided to place him under arrest or if I was [sic] going to make an arrest, that I wanted to make sure he was unarmed. And I conducted a quick frisk for officer safety to make sure that he was unarmed.

Upon questioning by the court, Thompson testified that he arrested Walker after he found the gun, then conducted a search incident to arrest. Thereafter, he determined that only four or five

---

[2] (Footnotes omitted.) *Thomas v. State*, 287 Ga. App. 163, 164 (651 SE2d 116) (2007).

beers remained in the carton and that the bag contained crack cocaine, then searched Walker's person and found a wad of money. The trial judge denied the motion to suppress, finding that

> the officer received a call stating that the person on the bus had been boisterous and causing a disturbance and wouldn't leave the bus, and it was bad enough for the driver to call the police. He responded and the driver pointed out this defendant as the person. And the officer saw the defendant with an open package of beer, asked him to step off the bus. So I think he had a reasonable articulable suspicion to pat the defendant down for his own safety under the circumstances. And then when he found the gun, he arrested the defendant and that led to the search of the bag pursuant to the lawful arrest.

The parties proceeded to a bench trial, stipulating that the substance in the bag was cocaine; that Walker had a concealed firearm in his possession; that the bus driver would have testified that Walker was a passenger on the bus, appeared to be intoxicated, was loud and boisterous, and would not leave the bus, causing the bus driver to call 911; and that Thompson would have testified as he did in the suppression hearing. The trial court found Walker guilty, sentencing him as a first offender to a total of fifteen years to serve five years in prison and the remainder on probation. On appeal, Walker maintains that the trial court should have granted his motion to suppress because Thompson had no authority to conduct the pat-down search. We disagree.

> A reasonable search for weapons for the protection of the police officer is permitted where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. *Terry v. Ohio*, 392 U. S. 1, 27 (88 SC 1868, 20 LE2d 889) (1968).[3]

---

[3] (Citation omitted.) *Milby v. State*, 256 Ga. App. 429, 430 (569 SE2d 256) (2002). Accord *Wilson v. State*, 272 Ga. App. 291, 292 (612 SE2d 311) (2005).

However,

> [i]mplicit in this rule of law is the prerequisite determination that the officer actually concluded that the suspect was armed or a threat to personal safety and the officer can articulate a basis for his conclusion so that a protective pat-down would not be unreasonable in the given set of circumstances. This demand for specificity in the informtion upon which police action is predicated is the central teaching of the Supreme Court's Fourth Amendment jurisprudence.[4]

When Thompson encountered Walker, he had information that Walker was possibly intoxicated and had been loud and belligerent, and had refused to leave the bus despite the driver's request that he do so. Walker was sitting in the rear of the bus with an open 12-pack carton of beer and had a white plastic bag sitting between his feet. Thompson testified that he was the only officer in the area as there were no other police units available to assist him. For these reasons, Thompson conducted a pat-down search of Walker for his own safety to make sure that Walker was not armed. We cannot conclude that the trial court's acceptance of Thompson's claim that he conducted the pat-down out of concern for his own safety was clearly erroneous.[5]

We have held that "[a] *Terry* pat-down, unlike a full search, is conducted for the purpose of insuring the safety of the officer and of others nearby. . . . It is a minimal intrusion reasonably designed to discover guns, knives, clubs, or other weapons that could prove dangerous to a police officer."[6] Therefore, "[a]n officer may take appropriate self-protective measures when he lawfully confronts an individual and reasonably believes him to be armed or otherwise dangerous to the officer or others. The usual police response will be to conduct a frisk, patting the individual's clothing in search of a weapon."[7] Although Walker argues that his conduct in the presence of the officer gave the officer no reason to believe that he posed a threat to him, the trial court obviously reached a different conclusion, and the officer's testimony that he performed the pat-down out of a concern for his safety supported that conclusion. "As we are required to defer to the trial court's decision with respect to questions of fact and credibility if there is any evidence to support it, we find that the

---

[4] (Citations and punctuation omitted.) *Perez v. State,* 284 Ga. App. 212, 216 (3) (a) (643 SE2d 792) (2007). Accord *Milby,* supra at 430-431; *Edgell v. State,* 253 Ga. App. 775, 777 (560 SE2d 532) (2002).

[5] *Brown v. State,* 283 Ga. App. 250, 254 (641 SE2d 551) (2006).

[6] (Footnote omitted.) *Howard v. State,* 253 Ga. App. 158, 160 (558 SE2d 745) (2002).

[7] (Citation omitted.) *Chaney v. State,* 207 Ga. App. 72 (427 SE2d 63) (1993).

trial court was authorized to find that the pat-down was justified."[8]
*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 19, 2008.

*John O. Ellis, Jr.*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

