## A08A0664. TEAL v. THE STATE.
### (662 SE2d 268)

MILLER, Judge.

Following a bench trial, Octavian Teal was convicted of possession of cocaine with the intent to distribute and possession of marijuana with the intent to distribute. OCGA § 16-13-30. Teal claims that the trial court erred in denying his motion to suppress evidence seized during an allegedly unlawful search. We agree and reverse.

An appellate court reviewing a trial court's order concerning a motion to suppress evidence must construe the evidence most favorably to the upholding of the trial court's findings and judgment. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994). Where, as here, the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo review. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

So viewed, the record shows that police officers stopped a car in which Teal was a passenger so that they could serve an active warrant on the driver. While one of the officers served the warrant

on the driver, the other officer asked Teal to exit the vehicle and turn around so he could conduct a *Terry* pat-down search. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). When the officer felt "little baggies" in one of Teal's pockets, Teal attempted to get away from the officer. After Teal was arrested, a search of his pockets produced baggies containing a total of 4.24 grams of crack cocaine and 17.5 grams of marijuana.

At the hearing on the motion to suppress, the officer who conducted the pat-down testified that he performed the same "as a matter of safety," but he also admitted that it was his general practice to automatically pat down any person he asked to exit a car. The officer agreed that he had no reason to believe that Teal was armed, but testified that he "was just checking to make sure."

On a motion to suppress, the burden of proving the search was lawful is on the State. OCGA § 17-5-30. See *State v. Slaughter*, 252 Ga. 435, 438 (315 SE2d 865) (1984). Here, the State had to show that "a reasonably prudent man in the circumstances [of the officer] would be warranted in the belief that his safety or that of others was in danger. *Terry*[, supra at] 27. . . ." (Citation omitted.) *Milby v. State*, 256 Ga. App. 429, 430 (569 SE2d 256) (2002).

In *Edgell v. State*, 253 Ga. App. 775, 778 (560 SE2d 532) (2002), this Court was presented with a similar case in which an officer testified that a *Terry* pat-down was conducted for safety reasons, while also acknowledging that he had no suspicion that the defendant was armed or a threat to his personal safety. As we held in *Edgell*,

> [t]he safety of officers is of extreme importance to this Court. Nonetheless, our constitution requires an officer to provide evidence to show that an act alleged to be performed for his safety [or the safety of others] was actually performed for that purpose in conformance with the requisite standards of *Terry*. Without appropriate evidence that the officer had a reasonable basis for concluding that [Teal] was armed or was otherwise a threat to his personal safety, the [*Terry* pat-down was] unconstitutional. Because the evidence in this case does not show that [the officer] had a reasonable basis for concluding that [Teal] was armed or dangerous prior to performing his automatic and habitual pat-down, the pat-down was constitutionally improper. . . .

(Citation and punctuation omitted.) Id.

Given that the discovery of the crack cocaine and marijuana immediately followed and were in response to the unconstitutional search, the production of the drugs was tainted, and they should

490

have been suppressed. *Wilson v. State*, 272 Ga. App. 291, 293 (612 SE2d 311) (2005).

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 12, 2008.

*Richard Parker*, for appellant.

*Joseph K. Mulholland, District Attorney, Samuel M. Olmstead, Ryan C. Cleveland, Assistant District Attorneys*, for appellee.