### A08A1532. BROWN v. THE STATE.
(667 SE2d 410)

JOHNSON, Presiding Judge.

Following a bench trial, the trial court found Ralph Brown guilty of possessing cocaine with intent to distribute (Count 1), two counts of obstructing an officer (Counts 2 and 3), and giving a false name (Count 4). Brown appeals, arguing that the trial court erred in denying his motion to suppress. He also challenges the sufficiency of the evidence supporting his convictions. For reasons that follow, we reverse his convictions on Counts 1 through 3. As to Count 4, we vacate the conviction and remand the case for a new trial.

1. In reviewing the denial of a motion to suppress, we construe the evidence favorably to support the trial court's judgment.[1] So viewed, the evidence shows that while on patrol on November 5, 2005, Officer Rick Bohannon of the Toccoa Police Department stopped a vehicle for a brake light violation. When he approached the car, Bohannon observed a male driver, a female passenger, and

---

[16] *Felder*, supra at 276-277.
[17] Id. at 277-278 (5) (a).
[1] See *Foster v. State*, 285 Ga. App. 441, 442 (646 SE2d 302) (2007).

Brown, who was seated in the back seat. The male and female indicated that they were giving Brown a ride and did not know him.

During the traffic stop, Bohannon discovered that the driver lacked a valid license and placed him under arrest. He then asked the female passenger, who owned the vehicle, for permission to search the car. When the female consented, Bohannon removed Brown from the vehicle.

Bohannon was suspicious of Brown because "nobody seemed to know who he was." But because he had no basis to detain Brown and did not believe Brown had committed a crime, Bohannon intended to let him leave the scene. Before doing so, however, Bohannon wanted to make sure that Brown was not armed. As Bohannon explained: "[I]t's usually my standard procedure if I'm gonna let someone leave my traffic stop and I lose sight of them, I would like for them to be safe, for me, myself, as an officer to feel safe if they walk away."

Bohannon thus asked Brown for permission to frisk him for officer safety. Brown agreed, and during the pat-down, Bohannon felt the corner of a hard object in the front pocket of Brown's pants. Bohannon did not know what the object was, but testified that "anything can house a weapon." When asked whether the object "felt like a gun," Bohannon replied: "I don't know. It was a hard foreign object."

Bohannon pulled the object from Brown's pocket and identified it as a cigar box with an open space covered by cellophane. Through the cellophane, Bohannon saw what he believed to be crack cocaine inside the box. At that point, Brown fled. Charlie Littleton, a backup officer who had arrived on the scene, chased and apprehended Brown. A lab test later identified the substance in the cigar box as 13.39 grams of cocaine.

In denying Brown's motion to suppress, the trial court found that Brown consented to the pat-down and that Bohannon was authorized to remove the cigar box from his pocket. Brown challenges these findings, arguing, among other things, that even if he consented to the frisk, Bohannon exceeded the permissible scope of the search by reaching into his pocket. We agree.

During a weapons pat-down, officers ordinarily must follow a two-step process: "(1) The officer must pat down first, and (2) then intrude beneath the surface only if he comes upon something which feels like a weapon."[2] As we have explained:

> After completing a frisk of a person's outer clothing, an officer may intrude beneath the surface only if he comes

---

[2] (Citation and punctuation omitted.) Id. at 443.

upon something which feels like a weapon. An officer who exceeds a pat-down without first discovering an object which feels reasonably like a knife, gun, or club must be able to point to specific and articulable facts which reasonably support a suspicion that the particular suspect is armed with an atypical weapon which would feel like the object felt during the pat-down.[3]

The record shows that Bohannon lacked authority to intrude into Brown's pocket. We recognize that, while patting down the outside of that pocket, Bohannon detected the corner of a hard object. Nothing indicates, however, that the object felt like a gun or other weapon. On the contrary, Bohannon did not know what it was and decided to investigate further based only on the broad assumption that "anything can house a weapon." Moreover, when questioned at the suppression hearing, Bohannon pointed to no particularized facts that reasonably led him to believe that Brown might have a weapon. Although Bohannon was suspicious that no one knew Brown, he did not believe that Brown had committed a crime and was prepared to let Brown walk away from the scene.

Simply put, the state offered no evidence that Bohannon thought the "hard object" was a weapon or had any particularized basis for believing that it contained a weapon. Bohannon's general belief that "anything can house a weapon" did not — without more — authorize the intrusion.[4] To hold otherwise would eviscerate the legal limitations on a weapons frisk. Accordingly, the trial court erred in refusing to suppress evidence of the cocaine seized from Brown's pocket.[5]

2. Brown also challenges the sufficiency of the evidence supporting his convictions. In reviewing this claim, we must determine

---

[3] (Citation and punctuation omitted.) Id. at 444.

[4] Compare *Shoemaker v. State*, 292 Ga. App. 97, 98 (1) (663 SE2d 423) (2008) (officer reasonably believed that hard case in defendant's pocket might contain a weapon after determining that defendant was nervous, jumpy, admittedly on drugs, and had entered a suspicious vehicle containing drug contraband); *Vaughan v. State*, 279 Ga. App. 485, 487 (631 SE2d 497) (2006) (officer authorized to look inside tin container found on defendant during weapons pat-down because, given prior knowledge that defendant was armed and considered dangerous, as well as discovery of several knives on defendant's person, officer reasonably concluded that tin might house another knife); *Davis v. State*, 232 Ga. App. 450, 451 (1) (501 SE2d 241) (1998) (officer properly looked inside box found during pat-down of defendant's clothing; defendant was involved with man who "was 'down' and bleeding," and officer reasonably believed that box might contain a weapon).

[5] See *Foster*, supra at 444; *State v. Jourdan*, 264 Ga. App. 118, 121-123 (2) (589 SE2d 682) (2003) (police officer not authorized to open cigarette box found on defendant's person during consensual pat-down; although officer asserted that such boxes could contain a concealed weapon, he had no reasonable belief that the defendant was armed and trying to conceal a weapon in the box).

whether the evidence, viewed favorably to the verdict, authorized the trial court to find Brown guilty beyond a reasonable doubt of the crimes charged.[6]

(a) *Possession of cocaine with intent to distribute.* At the bench trial, the parties agreed to proceed on the same evidence offered during the suppression hearing. The state presented no additional evidence. The only proof supporting Brown's drug conviction, therefore, was evidence regarding the improperly seized cocaine. Because such evidence should have been suppressed, we agree with Brown that the state offered insufficient admissible evidence to find him guilty of possessing cocaine with intent to distribute.[7]

(b) *Obstruction of an officer.* Obstruction results when a person "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties."[8] The accusation charged — and the trial court found — that Brown committed obstruction by (1) fleeing from Bohannon on foot, and (2) resisting Littleton's efforts to arrest him. The evidence does not support either finding.

As to the first count, the evidence shows that Brown ran from Bohannon only after Bohannon patted him down and removed the cocaine-filled cigar box from his pocket. Discovery of that cocaine, however, was improper. Moreover, Bohannon testified that once he determined that Brown had no weapons, Brown was free to leave.

Ultimately, Bohannon did not find a weapon on Brown, and he should not have discovered the cocaine. According to Bohannon's own testimony, therefore, Brown would have been free to go at the time he fled. Given this freedom, no rational trier of fact could conclude that Brown's flight hindered or obstructed Bohannon in the lawful discharge of his official duties.[9]

The evidence as to the second charge involving Officer Littleton is similarly lacking. Littleton did not testify at the suppression hearing or at trial. And although Bohannon testified that Littleton chased Brown, he offered no evidence regarding Littleton's effort to arrest Brown. Even the state concedes that it failed to present any

---

[6] See *Singleton v. State*, 259 Ga. App. 184, 185 (577 SE2d 6) (2003).

[7] See *Mercer v. State*, 251 Ga. App. 465, 468-469 (3) (554 SE2d 732) (2001) (incompetent evidence that trial court should have suppressed cannot be considered in determining evidence sufficiency).

[8] See OCGA § 16-10-24 (a).

[9] See *State v. Dukes*, 279 Ga. App. 247, 251 (630 SE2d 847) (2006) (because defendant had the right to leave the first-tier encounter with police officers, his decision to flee from the officers did not constitute obstruction); see also *State v. Ealum*, 283 Ga. App. 799, 805 (643 SE2d 262) (2007) ("An officer who . . . conducts an unlawful arrest is not lawfully discharging his duties, and a citizen who resists an officer under such circumstances is not guilty of obstruction.").

evidence that Brown obstructed Littleton during the arrest. Brown's conviction on this charge, therefore, was not authorized.

(c) *Giving a false name.* Finally, the trial court found Brown guilty of giving Bohannon a false name. Under OCGA § 16-10-25, "[a] person who gives a false name . . . to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity . . . is guilty of a misdemeanor." With respect to this charge, Bohannon testified that Brown identified himself as "Robert Brown" — rather than Ralph Brown — after consenting to the pat-down.

On appeal, Brown argues that the state failed to prove or establish his true name. At the suppression hearing and at trial, however, the court sounded the case of "The State of Georgia versus Ralph Brown." Brown's counsel stated that he was appearing on behalf of "Ralph Brown," and the accusation, to which Brown waived formal arraignment, identified him as Ralph Brown.

The record shows a concordance between the name "Ralph Brown" and the person charged in the accusation. As we have previously found, such "[c]oncordance of name alone is some evidence of identity."[10] Furthermore, "[i]dentity of name presumptively imports identity of person, in the absence of any evidence to the contrary."[11] There is no contrary evidence here. Without objection or repudiation from Brown, the trial court, Brown's own attorney, and the accusation identified him as Ralph Brown. Under these circumstances, a rational trier of fact could conclude that Ralph Brown falsely presented himself to Bohannon as "Robert Brown."[12]

Brown also argues that he cannot be convicted of giving a false name because he identified himself as "Robert" during an illegal detention. According to Brown, the state cannot establish a necessary element of OCGA § 16-10-25 because Bohannon was acting outside the scope of his lawful duties.

We disagree. The evidence does not demonstrate an unlawful detention. Brown provided the false name when he consented to the pat-down. At that point, he had been removed from the car so that Bohannon could search the vehicle pursuant to the owner's consent. Neither that removal, nor Bohannon's request for consent to frisk Brown, resulted in an illegal detention.[13]

---

[10] (Citation and punctuation omitted.) *Robinson v. State*, 231 Ga. App. 368 (1) (498 SE2d 579) (1998).

[11] (Citation and punctuation omitted.) Id. at 368-369.

[12] See *Singleton*, supra at 186 (3); *Brown v. State*, 236 Ga. App. 478, 480-481 (2) (512 SE2d 369) (1999).

[13] See *State v. Gooch*, 266 Ga. App. 746, 748-749 (598 SE2d 341) (2004) (no illegal detention in case where passenger in properly stopped vehicle was removed from vehicle so

The state presented sufficient evidence to support the guilty verdict as to giving a false name. We are concerned, however, that the trial court's finding on this count — particularly with respect to whether Brown intended to mislead Bohannon — may have been influenced by evidence of the improperly seized cocaine. Given the trial court's error in admitting such evidence, we must vacate Brown's conviction on Count 4 and remand for a new trial on this charge.[14]

*Judgment reversed as to Counts 1 through 3. Judgment vacated as to Count 4 and case remanded for a new trial as to that count only. Barnes, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 16, 2008.

*Harvey S. Wasserman*, for appellant.
*Brian M. Rickman, District Attorney, James E. Staples, Jr., Assistant District Attorney*, for appellee.

---

that officers could search it, then consented to pat-down of his person); see also *State v. Davis*, 283 Ga. App. 200, 203 (2) (641 SE2d 205) (2007) ("Even though the officer asked for consent to search the vehicle immediately upon concluding the traffic stop, we have declined to accept the argument that a request for consent to search, in and of itself, constitutes a continued detention and questioning.") (citation and punctuation omitted).

[14] See *Foster v. State*, 283 Ga. 484, 488 (2) (660 SE2d 521) (2008) (reversing and remanding for new trial where appellate court could not conclude that erroneous admission of evidence was harmless).