## A09A0935. DESALVO v. THE STATE.

(683 SE2d 652)

ADAMS, Judge.

Lester Desalvo III appeals from the trial court's denial of his plea in bar, asserting that his indictment was barred by the applicable four-year statute of limitation under OCGA § 17-3-1 (c).

On June 9, 2008, the State indicted Desalvo on one count of aggravated assault and one count of criminal damage to property in the second degree arising out of an incident that was alleged to have occurred on May 31, 2004. The State pled in the indictment that Desalvo's identity was unknown until August 24, 2006. Desalvo asserted in his plea in bar, however, that his identity was known to the alleged victim at the time of the incident and that the indictment was thus untimely under OCGA § 17-3-1 (c). The trial court issued a rule nisi order on October 14, 2008, and held a hearing in the matter on November 6. The State called no witnesses and presented no evidence at the hearing. Instead, the prosecutor made only an offer of proof to support the State's argument that Desalvo's identity was unknown until later DNA testing placed him at the crime scene. The trial court subsequently denied Desalvo's plea in bar.

Desalvo contends that the trial court erred in denying his plea in bar because the State failed to carry its burden of presenting evidence establishing an exception to the statute of limitation. See *Jenkins v. State*, 278 Ga. 598, 604 (1) (B) (604 SE2d 789) (2004) (proper procedure for litigating plea in bar based upon statute of limitation analogous to a pretrial *Jackson v. Denno*[1] hearing); *State v. Robins*, 296 Ga. App. 437, 439 (674 SE2d 615) (2009) (burden unquestionably upon State to prove case properly falls within exception to statute of limitation). The State concedes that it has the burden of proof on the plea in bar, but argues that because the trial court's ruling was not based upon any evidence, this Court has nothing to review, and we should remand the case for a new hearing on the matter.

We disagree. The trial court issued its order after providing the parties with the opportunity to present evidence and argument, and we find no reason that the order would not be subject to review by this Court. The State chose not to present any evidence to support its claim that an exception to the statute of limitation applied in this case, and it is not entitled to another bite at the apple. See *State v. Conzo*, 293 Ga. App. 72, 74 (2) (666 SE2d 404) (2008). Rather, we agree with Desalvo that the State simply failed to carry its burden of proving the exception to the statute of limitation, and as a result, the

---

[1] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

charges against him should have been dismissed. "If a defendant prevails on a pretrial plea in bar on the statute of limitations, the charge should be dismissed. . . ." (Footnote omitted.) *Jenkins v. State*, 278 Ga. at 604 (1) (B). Accordingly, we reverse the trial court's order denying the plea in bar.

*Judgment reversed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED AUGUST 13, 2009.

*McFarland & McFarland, Robert P. McFarland, Jr.*, for appellant.

*Penny A. Penn, District Attorney*, for appellee.