A09A2282. SOSEBEE v. THE STATE.
(693 SE2d 838)

BERNES, Judge.

Following the grant of her application for discretionary appeal, Rhonda Dilynn Sosebee appeals the trial court's order revoking her probation after finding that she committed the offense of possession of a firearm by a first offender probationer. She contends that the trial court erred in denying her motion to suppress, and that the state failed to prove by a preponderance of the evidence that she possessed the firearm. Because the state did not carry its burden of proving that the search in question was conducted pursuant to a valid search warrant, we reverse.

The record reveals that Sosebee, charged with theft by deception, entered a negotiated plea of nolo contendere. The trial court sentenced her under the First Offender Act, OCGA § 42-8-60 et seq., to five years probation. A few months later, the state petitioned for

500

the trial court to revoke Sosebee's first offender probation, alleging that she had committed the offense of possession of a firearm by a first offender probationer, OCGA § 16-11-131 (b). The state maintained that the police had discovered the firearm during the lawful search of a hotel room registered in Sosebee's name.

Sosebee moved to suppress the firearm on the ground that the search of the hotel room had been conducted without a valid search warrant, without the consent of Sosebee, and in the absence of exigent circumstances.[1] While the state asserted that the search was conducted pursuant to a valid search warrant, the state did not provide a copy of the warrant with supporting affidavit to Sosebee before or during the hearing on her motion to suppress.

At the motion to suppress hearing, the state presented the testimony of one witness, the sheriff of Murray County, who discovered the firearm in Sosebee's hotel room. The sheriff testified that he and other officers had arrested Sosebee in the hotel parking lot on an unrelated felony charge. According to the sheriff, after Sosebee was placed under arrest, officers briefly entered and exited Sosebee's hotel room in order to secure it. The sheriff testified that he and other officers then waited outside the hotel room while a detective applied for a warrant to search the room.

The sheriff testified that he later learned that the detective had successfully procured the search warrant. The sheriff conceded that he never personally saw the warrant or supporting affidavit. While the sheriff testified that he saw the "return" for the search warrant left on a table in the hotel room, he went on to clarify that "the return is not the search warrant," and that he "never actually saw the search warrant left in the room." After learning that a search warrant had been procured, the sheriff and other officers conducted a search of the hotel room, and the sheriff found the firearm on top of a kitchen cabinet.

The state did not produce the search warrant and supporting affidavit at the motion hearing, instead relying solely upon the sheriff's testimony regarding the existence of the warrant. Based upon the sheriff's testimony, the trial court denied the motion to suppress and then proceeded to conduct an evidentiary hearing on whether Sosebee's first offender probation should be revoked. The trial court found that Sosebee had committed the offense of posses-

---

[1] Sosebee also served subpoenas upon several governmental entities and officials in which she requested, among other things, "[a]ny and all . . . search warrants with affidavits." The state moved to quash these subpoenas, and the trial court heard the state's motion on the day of the suppression hearing. The trial court granted in part the state's motion to quash, and it appears that Sosebee did not obtain a copy of the search warrant with affidavit prior to the suppression hearing from any of the subpoenaed parties.

sion of a firearm by a first offender probationer, revoked her first offender probation, adjudicated her guilty, and imposed a sentence of imprisonment.

1. Sosebee argues that the trial court erred in denying her motion to suppress. We agree.

Under OCGA § 17-5-30 (b), "the burden of proving that [a] search and seizure were lawful shall be on the state." In cases where the state relies upon a search warrant for the lawfulness of the search and seizure, the state meets its burden by producing the warrant and supporting affidavit at the motion hearing. See *Watts v. State*, 274 Ga. 373, 376 (2) (552 SE2d 823) (2001); *Bartlett v. State*, 165 Ga. App. 18, 18-19 (1) (299 SE2d 68) (1983). In this case, the state failed to produce the warrant and supporting affidavit.

Nonetheless, the state argues that it proved the existence of the search warrant through the sheriff's testimony at the motion hearing. Pretermitting whether the state could meet its burden by some other means than the warrant and supporting affidavit,[2] the state's burden was not met under the circumstances here. As previously noted, the sheriff conceded that he did not procure the warrant himself and never personally saw the search warrant. "In order to take a witness's testimony outside the scope of hearsay, when such testimony is introduced to prove the truth of the fact stated, the witness must have personal knowledge of the facts to which such witness is testifying." Christine M. Gimeno, 4 *Ga. Procedure: Evidence* § 8:1 (2009). See *Williams v. State*, 239 Ga. App. 30, 32 (3) (521 SE2d 27) (1999). The hearsay rule that a witness must testify from his own first-hand knowledge to establish a fact clearly applies to law enforcement officers. *Fields v. State*, 260 Ga. 331, 334 (5) (393 SE2d 252) (1990).[3] Because the sheriff lacked personal knowledge concerning the existence of the search warrant, the state failed to produce any competent evidence to prove that the search of the hotel room was lawful because it was conducted pursuant to such a warrant.[4]

---

[2] Compare *Watts*, 274 Ga. at 376 (2) (holding that Supreme Court precedent "*required* the [s]tate to produce at least the warrant and supporting affidavit in order to meet its initial burden") (emphasis supplied), with *Gilbert v. Smith*, 225 Ga. 210 (166 SE2d 889) (1969) (upholding trial court's finding that "the testimony of the arresting officers showed they had a search warrant refutes the evidence of the [defendant] that there was none").

[3] An officer may rely upon hearsay information communicated to him by fellow officers in order to establish probable cause for issuance of a search warrant. See *Smith v. State*, 274 Ga. App. 106, 108 (1) (616 SE2d 868) (2005). But the issue here is not whether there was probable cause for the warrant, but the very existence of the warrant.

[4] The state argues that if this Court concludes that the evidence of the search warrant was insufficient, the case should be remanded to the trial court for a further evidentiary hearing so that the warrant and supporting affidavit can be tendered into the record. The state was given a full opportunity in the motion to suppress hearing to present evidence regarding the search warrant. Having failed to present any competent evidence in this regard, the state

The trial court thus erred in denying the motion to suppress the firearm seized from the hotel room. See *Baez v. State*, 206 Ga. App. 522, 526-528 (1) (425 SE2d 885) (1992).[5]

2. Because evidence of the firearm seized in the hotel room should have been suppressed, we agree with Sosebee that there was insufficient evidence for the trial court to find that she possessed a firearm as a first offender probationer. See *Brown v. State*, 293 Ga. App. 564, 567 (2) (a) (667 SE2d 410) (2008) (concluding that there was insufficient evidence to support drug conviction, where seized drugs should have been suppressed by the trial court); *Mercer v. State*, 251 Ga. App. 465, 468-469 (3) (554 SE2d 732) (2001) (evidence obtained as the result of an unlawful search and seizure is incompetent as well as inadmissible, and, therefore, cannot be considered in determining evidence sufficiency). See also *Rucker v. State*, 276 Ga. App. 683, 685 (2) (624 SE2d 259) (2005); *Land v. State*, 259 Ga. App. 860, 863-864 (1), (2) (578 SE2d 551) (2003). The trial court's order revoking Sosebee's first offender probation, therefore, must be reversed. See id.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 10, 2010 —
RECONSIDERATION DENIED APRIL 7, 2010.

*Benjamin D. Goldberg, Michael R. McCarthy*, for appellant.
*Kermit N. McManus, District Attorney, Barry S. Minter, Assistant District Attorney*, for appellee.

---

"is not entitled to another bite at the apple." *Desalvo v. State*, 299 Ga. App. 688 (683 SE2d 652) (2009).

[5] Unlike in the present case, there is nothing in the Supreme Court case of *Gilbert*, 225 Ga. at 210, suggesting that the officers lacked personal knowledge of the existence of the warrant.